UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BLADEV DAVID LAL (A-Number: 040-056-287),<br>Petitioner,<br>v.<br>WARDEN, CALIFORNIA CITY DETENTION FACILITY,<br>Respondent. | Case No. 1:26-cv-7080-TLN-JDP<br><br>FINDINGS AND RECOMMENDATIONS |

An immigration judge ordered petitioner removed to India. In 2007, ICE detained him for over six months in an attempt to effectuate that removal, and, after India refused repatriation, released petitioner on an order of supervision. ICE re-detained petitioner on May 26, 2026, and has held him for removal. Petitioner seeks a writ of habeas corpus under 28 U.S.C. § 2241, alleging that his detention is illegal under *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001) and 8 U.S.C. § 1231(a)(6), since his removal is not reasonably foreseeable. For the following reasons, I recommend that the petition be granted and that petitioner be immediately released.

## Background

On June 3, 1986, petitioner was admitted to the United States as a lawful permanent resident. ECF No. 6-1 at 3. In April 2004 or 2007, an immigration judge ordered petitioner removed to India.[1] ECF No. 6-2 at 1. Immigration authorities held petitioner in custody until December 18, 2007, when they released him on an order of supervision, as they were unable to remove him. ECF No. 6-1 at 3.

Petitioner has been in and out of criminal custody in the intervening decades. ECF No. 6-4. Immigration authorities re-detained petitioner in 2013 and released him on another order of supervision after they were again unable to remove him. ECF No. 6-3. Most recently, in 2025, petitioner was convicted of burglary and a drug offense and sentenced to prison. ECF No. 6-4 at 57. ICE issued an immigration detainer in June 2025, and took petitioner into custody on May 26, 2026, upon his release from state prison. ECF No. 6-5. At that time, ICE issued petitioner a notice of revocation of release and a warrant of removal. ECF Nos. 6-6 & 6-7. The notice states that ICE is "seeking a travel document to effect [petitioner's] expeditious removal to India," but the statement that "ICE has the ability and means to effectuate [petitioner's] removal" is not marked. ECF No. 6-6 at 1. Respondent states that there has been "substantial progress toward obtaining the travel document." ECF No. 6 at 2.

## Legal Standard

A federal court may grant habeas relief when a petitioner shows that his custody violates federal law. 28 U.S.C. §§ 2241(a), (c)(3), 2254(a); *Williams v. Taylor*, 529 U.S. 362, 374-75 (2000). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody."

---

[1] The exhibits are not clear regarding whether the removal order was issued on April 7, 2004, or April 4, 2007. On this record, the court cannot determine the correct date. The order itself bears the date April 7, 2004, in two places, *see* ECF No. 6-2, the order of supervision uses that date, *see* ECF No. 6-3 at 1, and respondent cites that date in its response, *see* ECF No. 6 at 2. However, petitioner cites the removal order date as April 4, 2007, *see* ECF No. 1 at 3, as does a deportation officer in his report, *see* ECF No. 6-1 at 2-3. Either way, immigration authorities detained petitioner for over six months for purposes of removal before they released him from detention on December 18, 2007.

*Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

**Analysis**

Petitioner asserts that his removal is not reasonably foreseeable under 8 U.S.C. § 1231(a)(6) and *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001), and thus his continued detention is no longer authorized by statute. ECF No. 1 at 6. Respondent concedes that it has held petitioner beyond the 90-day statutory removal period. ECF No. 6 at 3. It argues that its detention of petitioner under 8 U.S.C. § 1231(a)(6) is reasonable under *Zadvydas*. ECF No. 6 at 3.

In *Zadvydas*, the Supreme Court considered prolonged immigration detention after a final order of removal. Although the government has statutory authority to detain noncitizens for removal, "once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Zadvydas*, 533 U.S. at 699. The Supreme Court established a burden-shifting framework to determine whether continued immigration detention is lawful and adopted a presumption that immigration detention is reasonable for a period of up to six months, after the final order of removal, when the detention is related to effectuating removal. *Id.* at 701. After the first six months of detention, "once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.*

As noted above, respondent concedes that ICE has detained petitioner beyond the 90-day statutory removal period provided in 8 U.S.C. § 1231(a)(2). *See* ECF No. 6 at 2. Accordingly, ICE is currently detaining petitioner under 8 U.S.C. § 1231(a)(6), and *Zadvydas* applies. It is not apparent whether respondent agrees that petitioner is being held beyond the six-month presumptively reasonable period under *Zadvydas*. ECF No. 6 at 4.

As noted above, there is an inconsistency in respondent's exhibits regarding whether the removal order was issued on April 7, 2004, or April 4, 2007. On this record, the court cannot determine the correct date, which would have started the *Zadvydas* six-month presumptively reasonable period. *See* ECF No. 6-2 at 1; *Zadvydas*, 533 U.S. at 682; 8 U.S.C. § 1231(a)(1)(B)(i). However, whether the correct date is April 7, 2004, or April 4, 2007, immigration authorities detained petitioner for over six months under section 1231 until they released him on an order of supervision on December 18, 2007. ECF No. 6-1 at 3.

The six-month presumptively reasonable time period under Zadvydas "does not reset when the government detains [a non-citizen] under 8 U.S.C. § 1231(a), releases him from detention, and then re-detains him again." *Aaron H. v. Chestnut*, No. 1:26-cv-1232-TLN-SCR, 2026 WL 1398910, at *1 (E.D. Cal. May 19, 2026) (quoting *Sied v. Nielsen*, No. 17-cv-6785-LB, 2018 WL 1876907, at *6 (N.D. Cal. Apr. 19, 2018)); *see also Siguenza v. Moniz*, 2025 WL 2734704, at *3 (D. Mass. Sept. 25, 2025) ("Most courts to consider the issue have concluded that the *Zadvydas* period is cumulative, motivated, in part, by a concern that the federal government could otherwise detain noncitizens indefinitely by continuously releasing and re-detaining them."). Accordingly, petitioner has been held since May 2026 beyond the six-month presumptively reasonable period discussed in *Zadvydas*.

Once the six-month presumptively reasonable period is over, petitioner must only "provide[] good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future" to shift the burden to the government, which "must respond with evidence sufficient to rebut that showing." *Zadvydas*, 533 U.S. at 701. Petitioner states that he has twice been detained by immigration authorities and then released on an order of supervision "because immigration authorities could not effectuate his removal to India." ECF No. 1 at 3. This happened in 2007, after he was ordered removed by the immigration court, and again in July 2013. *Id.* Petitioner states that during this current detention, India has issued no travel documents. *Id.* at 4. He alleges that no country has accepted him and that the government has provided no projected removal timeline. *Id.* at 6. Petitioner notes that "[f]or the last nineteen years Respondents have failed to effectuate Petitioner's removal." *Id.* at 3.

The court finds that petitioner has given the court a "good reason to believe" that there is no significant likelihood that respondent will be able to remove him in the reasonably foreseeable future. *See Zadvydas*, 533 U.S. at 701. Accordingly, the burden shifts to respondent to provide evidence to rebut that showing. Respondent claims, with no support, that "[t]here is a significant likelihood of removal in the reasonably foreseeable future based, among other things, on substantial progress toward obtaining the travel document." ECF No. 6 at 2. Respondent provides no "evidence" to rebut petitioner's showing under *Zadvydas*. Notably, respondent has neither explained why India refused to repatriate petitioner in the past nor offered information showing that India would do so now. Respondent attaches no documentation, specifies no steps that it has taken to secure a travel document, and gives the court no reason to believe that a travel document will be forthcoming. Respondent has held petitioner for over four months during the current detention period and provides no evidence that it has taken any steps to remove petitioner.

This lack of evidence is insufficient to rebut the unreasonableness of prolonged detention under *Zadvydas*. *See Andreasyan v. Gonzales*, 446 F. Supp. 2d 1186, 1189 (W.D. Wash. 2006) (evidence that the petitioner's case was "still under review and pending a decision" insufficient to rebut *Zadvydas* claim); *Islam v. Kane*, No. 11-cv-515- PGR-LOA, 2011 WL 4374226, at *3 (D. Ariz. Aug. 30, 2011), *report and recommendation adopted*, 2011 WL 4374205 (D. Ariz. Sept. 20, 2011) (repeated statements from foreign consulate that the travel document request was pending insufficient); *Khader v. Holder*, 843 F. Supp. 2d 1202, 1208 (N.D. Ala. 2011) (pending travel document request insufficient, where "[t]he government offers nothing to suggest when an answer might be forthcoming or why there is reason to believe that he will not be denied travel documents"); *Mohamed v. Ashcroft*, No. 01-cv-1747-P, 2002 WL 32620339, at *1 (W.D. Wash. Apr. 15, 2002) (pending travel document request insufficient).

In *Zadvydas*, the Court directed lower courts to "measure reasonableness . . . in terms of the statute's basic purpose, . . . assuring the alien's presence at the moment of removal." *Zadvydas*, 533 U.S. at 699. I find that the evidence before me shows no significant likelihood of removal in the reasonably foreseeable future. As there is no "significant likelihood that petitioner

will be removed in the reasonably foreseeable future," his continued detention is unlawful.[2] *See Aaron H.*, 2026 WL 139890, *2; *Hoac v. Becerra*, No. 2:25-cv-1740-DC-JDP, 2025 WL 1993771, at *4-5 (E.D. Cal. July 16, 2025).

**Conclusion**

Accordingly, it is hereby RECOMMENDED that:

1. The petition for writ of habeas corpus, ECF No. 1, be GRANTED.

2. Respondent be ordered to immediately release petitioner (A-Number: 040-056-287) from their custody subject to the previously-imposed conditions of release, if any.

3. Respondent be ENJOINED AND RESTRAINED from re-detaining petitioner unless it obtains a travel document for his removal, if necessary, and follows all procedures set forth in 8 C.F.R. §§ 241.4(l), 241.13(i), and any other applicable statutory and regulatory procedures.

4. The Clerk of Court be directed to serve California City Detention Facility with a copy of this order.

5. The Clerk of Court be ordered to enter judgment accordingly and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within three days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within three days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

---

[2] Respondent attaches petitioner's rap sheet. *See* ECF No. 6-4. The Ninth Circuit has held that "dangerousness cannot justify indefinite detention under *Zadvydas*." *Tuan Thai v. Ashcroft*, 366 F.3d 790, 798 (9th Cir. 2004); *see also Obando Vargas v. Blanche*, No. 1:26-cv-5343-DAD-AC, 2026 WL 2056618, at *2 (E.D. Cal. July 16, 2026) (noting that the court has reminded the respondent's counsel multiple times that "criminal history is not relevant to the inquiry established in *Zadvydas* [] and advised counsel not to clog this court's docket with irrelevant evidence").

IT IS SO ORDERED.

Dated: October 13, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE